UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YOUSSEF SAMIR MEGAHED,**

    **Plaintiff,**

vs.                                                  Case No. 8:11-CV-2785-T-27TBM

**ERIC HOLDER, Attorney General
of the United States, et al.,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Opposed Motion to Dismiss Complaint as Moot or, in the Alternative, Remand to the Agency for Adjudication of Plaintiff's N-400 Application for Naturalization (Dkt. 14). Plaintiff has responded in opposition (Dkt. 15). Upon consideration, the motion (Dkt. 14) is GRANTED *in part*.

According to the Complaint, Plaintiff applied for naturalization on July 24, 2007 and was interviewed by U.S. Citizenship and Immigration Services ("USCIS") on May 25, 2010. Plaintiff was interviewed again on September 17, 2010 and December 3, 2010. By the time Plaintiff filed this action on December 19, 2011, more than a year and a half had passed since his initial interview. Because USCIS had not adjudicated his application within 120 days, as required by 8 U.S.C. § 1447(b), Plaintiff commenced this action, requesting that this Court grant him naturalization or, alternatively, "remand the application to USCIS with an order that it adjudicate the application within 15 days of said order."

Less than a month later, USCIS denied Plaintiff's application. (Dkt. 14-1). Thereafter, Defendants filed the instant motion to dismiss, arguing that USCIS's adjudication of his application rendered this action moot. Plaintiff opposes the motion, arguing that the § 1447(b) petition vested

the district court with exclusive jurisdiction over his application for naturalization. The Court agrees with Plaintiff. *See Bustamante v. Napolitano*, 582 F.3d 403, 406 (2d Cir. 2009) ("By providing the district court with the option to 'remand the matter, with appropriate instructions, to [USCIS],' 8 U.S.C. § 1447(b), Congress intended that, after an applicant files a proper Section 1447(b) petition, USCIS would lack the authority to decide an application absent a remand."); *United States v. Hovsepian*, 359 F.3d 1144, 1160 (9th Cir. 2004) ("This wording [of § 1447(b)] shows that Congress intended to vest power to decide languishing naturalization applications in the district court *alone, unless* the court chooses to 'remand the matter' to the INS, with *the court's* instructions."); *Etape v. Chertoff*, 497 F.3d 379, 384 (4th Cir. 2007) ("In sum, the plain language of the statute clearly supports the applicants' position that proper filing of a § 1447(b) petition provides a federal court with exclusive jurisdiction over a naturalization application."); *Martinez v. Secretary, Dep't of Homeland Sec.*, 670 F. Supp. 2d 1325, 1327-28 (M.D. Fla. 2009); *Izraileva v. Chertoff*, 629 F. Supp. 2d 1286, 1288 (M.D. Fla. 2007), *but see Bello-Camp v. Attorney Gen.*, No. 8:08-cv-885-T-23TBM, 2009 WL 813146, at *5 n.12 (M.D. Fla. Mar. 26, 2009). Because Plaintiff's § 1447(b) petition vested this Court with exclusive jurisdiction, the subsequent adjudication by USCIS was a nullity. Accordingly, this action was not rendered moot.

As an alternative, Defendants request that this action be remanded to USCIS with instructions to issue a new decision. Section 1447(b) provides that the district court has discretion to "either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." Under the circumstances, the Court is of the opinion that the better course is to remand. USCIS is the agency responsible for determining the issuance of immigration benefits, and USCIS is better-equipped to evaluate the information in Plaintiff's application in the first instance and to develop the record. *See Al-Atiyeh v. Swacina*, 650 F. Supp. 2d 1244, 1247 (S.D. Fla. 2009); *Silebi De Donado v. Swacina*, 486 F. Supp. 2d 1360, 1365 (S.D. Fla. 2007) (collecting cases and noting,

"the majority of courts . . . have remanded similar cases back to the USCIS for a final determination"). Further, notwithstanding its lack of jurisdiction, USCIS has completed the application process and reached a tentative decision that was based on information obtained during its investigation and interviews. *See Martinez,* 670 F. Supp. 2d at 1329. Following remand, it may be that USCIS will execute its tentative ruling, as Plaintiff suggests. But that possibility presents no reason to deny remand. If USCIS does deny his application, Plaintiff would be entitled to seek administrative review under § 1447(a), followed by judicial review under § 1421(c).

Plaintiff argues that remand is improper because "[t]here is a level of bias present in the record such that it would be unconstitutional to allow USCIS to issue a new decision knowing that they will without a doubt issue the exact same denial if given the opportunity." (Dkt. 15 at 6). Plaintiff's vague accusation of bias, which appears to be based on USCIS's rejection of Plaintiff's contentions and its tentative denial of his application, is not a sufficient basis to deny remand. *Cf. Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000) (noting, "[a]n allegation of bias must show that the bias is personal as distinguished from judicial in nature" and holding that rulings in the same case are insufficient to establish bias).

Accordingly, Defendant's motion (Dkt. 14) is GRANTED, to the extent that this cause is REMANDED to USCIS with instructions to render a decision on Plaintiff's naturalization application within twenty-one (21) days of the entry of this Order. The clerk is directed to CLOSE the file. If a decision is not rendered within the time required by this Order, Plaintiff may file a motion to reopen this action.

**DONE AND ORDERED** this 15th day of March, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

3